FILED
JAN 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
JANUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 08CR 0067 |
| ) | |
| v. ) | Violations: Title 18, United States Code, |
| ) | Sections 371 and 922(a)(3). |
| MYRON ROBINSON, a/k/a "Boojie" ) | |

JUDGE BUCKLO
MAGISTRATE JUDGE VALDEZ

### COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1. At all times material to this indictment:

   a. Each of the following businesses possessed a federal firearms dealers' license issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and offered firearms for sale to the public:

   i) Cash-in-a-Flash, located in Shreveport, Louisiana, and

   ii) National Jewelry and Loan, located in Shreveport, Louisiana;

   b. Federal law required that upon the purchase and transfer of a firearm from a licensed firearms dealer to an individual, the transferee/buyer of that firearm was required to complete ATF Form 4473;

   c. ATF Form 4473 recorded information concerning the transfer of a firearm from a licensed firearm dealer to another individual, including but not limited to the name, age, and place of residence of the transferee/buyer, whether the transferee/buyer had been convicted of a crime punishable by imprisonment exceeding one year, and a truthful certification that the transferee/buyer was the actual buyer of the firearm;

   d. Upon completing the ATF Form 4473 in relation to the purchase of a firearm,

the transferee/buyer of the firearm was required to sign ATF Form 4473 certifying that the information on the form was true and correct;

  e. Individuals who had previously been convicted of a felony were prohibited from possessing a firearm under federal law, and licensed firearms dealers were prohibited from selling firearms to such individuals under federal law;

  f. Defendant MYRON ROBINSON was a convicted felon;

  g. Individuals known as "straw purchasers" are those who, when purchasing a firearm from a licensed firearm dealer, falsely certify on ATF Form 4473 that they are the actual buyers of firearms, when, in fact, they are buying firearms on behalf of someone else;

  h. Defendant MYRON ROBINSON was a resident of the State of Illinois; and

  i. Individuals A, B, and C were residents of the State of Louisiana; and

  j. FedEx Express was a common carrier for transportation or shipment in interstate commerce.

  2. Beginning in or about March 2003 through in or about April 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYRON ROBINSON,

defendant herein, who was not a licensed firearms dealer, manufacturer, importer, or collector, did conspire with Individuals A, B, C and D, and others known and unknown to the Grand Jury, to:

  a. willfully transport into and receive in the State of Illinois, where he resided, a firearm purchased or otherwise obtained by him outside the State of Illinois, in violation of Title 18, United States Code, Section 922(a)(3);

  b. knowingly make, in connection with the acquisition of a firearm from a

licensed dealer, false and fictitious oral and written statements intended to and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm, in violation of Title 18, United States Code, Section 922(a)(6); and

    c.    knowingly deliver and cause to be delivered to any common or contract carrier for transportation or shipment in interstate commerce to persons other than licensed importers, manufacturers, dealers or collectors, a package or other container in which there was any firearm, without written notice to the carrier that such firearm was being transported or shipped, in violation of Title 18, United Stated Code, Section 922(e).

3.    It was part of the conspiracy that MYRON ROBINSON, and others, including Individuals A and D, recruited straw purchasers to purchase firearms in Louisiana.

4.    It was further part of the conspiracy that Individuals A, B, and C were "straw purchasers" in that they purchased firearms in Louisiana on behalf of others, but falsely certified on ATF Form 4473's that they were the actual buyers of firearms.

5.    It was further part of the conspiracy that Individuals A, B, and D, and others, caused firearms purchased by straw purchasers on behalf of MYRON ROBINSON to be transported from Shreveport, Louisiana, to Maywood, Illinois, including by sending them via FedEx Express.

6.    It was further part of the conspiracy that MYRON ROBINSON received firearms that were transported and shipped from Shreveport, Louisiana, to Maywood, Illinois, including those shipped by Individuals A, B and D via FedEx Express.

7.    It was further part of the conspiracy that MYRON ROBINSON and others obliterated the serial numbers from some of the firearms transported from Louisiana to Illinois in order to prevent law enforcement from tracing the serial number to identify the origin of the firearms,

including the name and location where the firearms had been purchased and the name and address of the purchasers.

8. It was further part of the conspiracy that MYRON ROBINSON, Individuals D and E, and others, distributed firearms purchased in Louisiana to individuals in the area of Chicago, Illinois.

9. It was further part of the conspiracy that, from in or about March 2003 until in or about April 2003, MYRON ROBINSON caused at least 12 firearms to be transported from Louisiana to Illinois.

10. It was further part of the conspiracy that MYRON ROBINSON did conceal and hide, and caused to be concealed and hidden, the existence of and acts done in furtherance of the conspiracy.

## OVERT ACTS

11. In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, MYRON ROBINSON, along with Individuals A, B, C, and D and others committed one or more overt acts in the Northern District of Illinois, and elsewhere, which overt acts included but were not limited to the following:

(a) On or about March 6, 2003, Individual C purchased three Hi-Point Model CF380 .380 caliber handguns, with serial numbers P776163, P776158, and P773527, from National Jewelry and Loan, in Shreveport, Louisiana;

(b) On or about March 7, 2003, Individual A purchased two Hi-Point Model C9 9 millimeter handguns, with serial numbers P146054 and P146055, from National Jewelry and Loan, in Shreveport, Louisiana;

(c) On or about March 14, 2003, Individual D transferred $920 from Maywood, Illinois, to Individual A, who was in Louisiana, through Western Union, for the purpose of purchasing firearms;

(d) On or about March 18, 2003, Individual C purchased two Hi-Point Model CF380 .380 caliber handguns, with serial numbers P768463 and P768461, two Hi-Point Model C9 9 millimeter handguns, with serial numbers P111297 and P112049, and one Hi-Point Model C 9 millimeter handgun, with serial number 836071, from Cash-in-a-Flash, in Shreveport, Louisiana;

(e) On or about March 19, 2003, Individual B purchased a Hi-Point Model C9, 9 millimeter handgun, with serial number P146056, from National Jewelry and Loan, in Shreveport, Louisiana;

(f) On or about April 3, 2003, MYRON ROBINSON transferred $700 form Maywood, Illinois, to Individual A, who was in Louisiana, through Western Union, for the purpose of purchasing firearms;

(g) On or about April 3, 2003, Individual A purchased one Hi-Point Model CF380, .380 caliber handgun, with serial number P773523, from National Jewelry and Loan, in Shreveport, Louisiana;

(h) On or about April 3, 2003, Individual A shipped one firearm from Louisiana to MYRON ROBINSON, who was in Maywood, Illinois, through FedEx Express;

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about April 4, 2003, at Chicago, in the Northern District of Illinois, Eastern Division,

MYRON ROBINSON,

defendant herein, not being a licensed importer, manufacturer, dealer, or collector of firearms, did receive in the State of Illinois, where he resided, firearms purchased and otherwise obtained outside of the State of Illinois.

In violation of Title 18, United States Code, Section 922(a)(3).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY