IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 67 |
| | ) | |
| MYRON ROBINSON, | ) | Honorable Elaine Bucklo, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

**DEFENDANT'S VERIFIED MOTION TO SUPPRESS STATEMENTS**

Now comes the Defendant, MYRON ROBINSON, by his attorney, Donna Hickstein-Foley, and moves this Honorable Court to suppress certain statements which were elicited on August 20, 2003 and obtained in violation of Defendant's fifth amendment right against self incrimination and to have counsel present during custodial interrogation. In support thereof, it is stated:

1. The Government has charged Defendant in a two count indictment with a conspiracy to illegally purchase firearms in violation of 18 U.S.C. 371 and 2 and with a substantive count of an illegal gun transaction in violation of 18 U.S.C. 922(a)(3).

2. On August 20, 2003, law enforcement officers met with Defendant and his attorney at the home of Defendant's mother. Defendant's attorney, Charles Allen, notified officers that Defendant did not wish to make a statement. Attorney Allen also advised Defendant not to make any statements to the officers. Defendant stated to law enforcement officers that he would not be making any statements.

3. Officers advised Defendant and Attorney Allen that they had determined there was an outstanding warrant on an unrelated matter from Lombard, Illinois, which they intended to execute and would be placing Defendant under arrest pursuant thereto.

4. Officers led Attorney Allen and Defendant to believe that no further questioning regarding guns would take place and that the officers would be taking Defendant to Lombard because of the warrant. At no time did the officers advise either Defendant nor his attorney that they intended to take Defendant to the Westchester police station to continue questioning on the matter at bar.

5. With the understanding that no further questioning regarding firearms would occur and further believing that the agents only would be taking those steps necessary to execute the warrant on the unrelated matter, Attorney Allen did not accompany or otherwise follow the officers and Defendant in his car.

6. Instead of taking Defendant to the Lombard police station, the agents went to the Westchester police station. At that time, they re initiated the questioning into the firearm investigation, the subject of the original interview involving Defendant's attorney. As a result of this re initiation by agents, questioning continued and inculpatory statements were elicited.

7. Said statements were elicited in violation of Defendant's fifth amendment right against self incrimination and the right to counsel that derives from the fifth amendment guarantee against compelled self incrimination. ***Edwards v. Arizona*** (1981) 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed2d 378.

Wherefore, Defendant, MYRON ROBINSON, requests his statements both written and

oral obtained on August 20, 2003 be suppressed.

                                                      Respectfully submitted,

                                                      ss// Donna Hickstein-Foley
                                                      Attorney for the Defendant

9644 South Hamilton Avenue
Chicago, IL 60643-1631
773 881 3800