IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 67 |
| | ) | |
| MYRON ROBINSON, | ) | Honorable Elaine Bucklo, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

**DEFENDANT'S PRE HEARING MEMO IN SUPPORT
OF HIS MOTION TO SUPPRESS**

Now comes the Defendant, MYRON ROBINSON, by his attorney, Donna Hickstein-Foley, and presents a memorandum in support of his Motion to Suppress. Defendant alleges in his motion certain inculpatory statements elicited by law enforcement on August 20, 2003 were obtained in violation of his 5th Amendment right and his right to counsel implicit in his right against self incrimination. Defendant argues as follows:

In *Miranda v. Arizona* (1966) 384 U.S. 436, 469-473, 86 S.Ct. 1602, 1625-1627 the high court held a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain that right to him before questioning begins. As the court continued to shape this right in *Michigan v. Tucker* (1974) 417 U.S. 433, 443-444, 94 S.Ct. 2357, 2363-2364, 41 L.Ed.2d 182, it observed the right to counsel established in *Miranda* was one of a series of

recommended

> . . . procedural safeguards . . . [that] were not themselves rights protected by the Constitution but were instead measures to insure that the right against compulsory self incrimination was protected.

In *Edwards v. Arizona* (1983) 451 U.S. 477, 483, 101 S.Ct. 1880, 1884, the court recognized the 5th Amendment right to counsel implicit in *Miranda* required the special protection of the knowing and intelligent waiver standard. Law enforcement is free to question a suspect who has effectively waived his right to counsel following *Miranda.* *North Carolina v. Butler* (1979) 441 U.S. 369, 372-376, 99 S.Ct. 17455, 1756-1759, 60 L.Ed. 2d 286. If a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the subject himself re initiates the questioning. *Edwards*, 451 U.S. at 484-485, 101 S.Ct. at 1884-1885. A suspect who has invoked his right to counsel cannot be questioned regarding any offense unless an attorney is actually present. *Minnick v. Mississippi* (1990) 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489; *Arizona v. Roberson* (1988) 486 U.S. 675, 682, 108 S.Ct. 2093, 100 L. Ed 2d 704; *New York v. Harris* (1990) 495 U.S. 14, 20; *Michigan v. Jackson* (1986) 475 U.S. 625.

In the matter at bar, Defendant alleges law enforcement agents from ATF met with him and his attorney. At that time, the agents attempted to question him regarding alleged firearms violations. Defendant's attorney terminated the interview and advised Mr. Robinson not to answer any questions. Counsel additionally notified agents that Defendant did not wish to answer any questions. Robinson also advised officers that he did not wish to

answer any questions.  During the interview, the agents notified Defendant that there was an outstanding warrant for Defendant's arrest from a local jurisdiction on an unrelated matter. Agents advised Defendant and his attorney they would be executing the warrant and taking him into custody.  Based on their statements, the agents led counsel and Defendant to believe that questioning related to the firearms investigation had terminated.  At that point, the Defendant and his counsel had clearly and unambiguously asserted Defendant's 5th Amendment request to have an attorney present during any interrogation.  Defendant and his attorney reasonably believed ATF officers would take Defendant to Lombard, Illinois to effect the warrant and would not resume interrogation regarding the firearms investigation. Agents misled Defendant and his attorney when they took Defendant to Westchester and resumed questioning on the firearrms investigation.  After agents improperly re initiated the conversation, they gave  Defendant his *Miranda* warnings and subsequently Defendant waived his rights and gave inculpatory statements.

*Edwards* prohibits officers from attempting to wear down a suspect's will after the individual has clearly asserted his *Miranda* rights. 451 U.S. at 487.  In this matter, Defendant in the presence of his counsel clearly invoked his right to counsel and not to be subject to further questioning in the absence of legal representation.  There was no ambiguity in Robinson's invocation.  *Davis v. U.S.* (1994) 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362.  It was only after agents brought Defendant to the Westchester station that they re initiated their conversation with Defendant regarding the firearms investigation. The fact that police arrested Defendant for an unrelated matter does not affect his initial invocation of rights. *Arizona v. Roberson,* 486 U.S. at 682  (fifth amendment

forbids police interrogation about a crime after a suspect requests counsel even if the request occurs in the course of investigating a different unrelated crime.) This re initiation of questioning aggravated by the agents' conduct in misleading Defendant and his attorney during the original interview and ignoring the clear and unequivocal invocation of his right to counsel violated Defendant's 5th Amendment rights.  As a result, Defendant requests this Court to grant his motion to suppress his statements or in the alternative to grant him an evidentiary hearing.

                                                Respectfully submitted,

                                                ss// Donna Hickstein-Foley
                                                Attorney for the Defendant

Donna Hickstein-Foley
9644 South Hamilton Avenue
Chicago, IL 60643-1631
773 881 3800