IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 67 |
| | ) | Judge Elaine E. Bucklo |
| MYRON ROBINSON | ) | |

**GOVERNMENT'S MOTIONS IN LIMINE**

The UNITED STATES OF AMERICA, by its attorney, Patrick J. Fitzgerald, hereby submits these motions in *limine*:

**I.  Potential Penalties Faced by Defendant if Convicted**

The government respectfully moves this Court to preclude defendant from attempting to introduce evidence, make argument, or otherwise mention the potential penalties defendant faces if convicted.

The Seventh Circuit has held unequivocally that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court"). Under well-settled law, such argument or evidence is improper because the potential penalties faced by a defendant are irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury

has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed'" (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975))); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict"); *United States v. McCracken,* 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence"). Mention of the potential penalties faced by the defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial" (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980))).

**II.     Forms of Argument or Evidence Designed to Elicit Jury Nullification**

The government respectfully moves this Court to preclude defendant from attempting to introduce evidence, make argument, or otherwise make statements designed to induce jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right

to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant." (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988), and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993))); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'" (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983))); *see generally Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (2d Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath"); Seventh Circuit Committee Federal Criminal Jury Instruction 1.01 (1999).

### III.    Discovery Requests or Commentary Regarding Discovery in the Jury's Presence

The government respectfully moves to preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury.

Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, sometimes counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side.

Accordingly, the government requests that the Court require that all comments relating to discovery be made outside the presence of the jury. This system has been used in other cases and has worked well. The government believes it is a fair and sensible one to employ here. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693 (E.D. Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial").

**IV.     Proper Impeachment under Federal Rules of Criminal Procedure 608 and 609**

The government expects to call a witness who has a prior criminal history, including prior arrests and convictions. The government respectfully moves to preclude defense counsel from attempting to impeach this witness or otherwise introduce evidence of his criminal history in any manner other than as strictly allowed under Federal Rules of Evidence ("Rule") 608 or 609.

    A.     Limitations on Rule 609 Impeachment

Rule 609 allows the admission of a witness' conviction for impeachment purposes

4

under certain circumstances.  For example, Rule 609(a)(1) provides that a felony conviction is admissible for purposes of impeaching a (non-defendant) witness, provided that it is not inadmissible under Rule 403 and otherwise complies with the time limits set forth in Rule 609(b).  In addition, under Rule 609(a)(2), any conviction for a crime involving "dishonesty or false statement" is admissible for impeachment purposes, regardless of whether the conviction is for a misdemeanor or felony.  Rule 609(b) generally establishes that a conviction more than 10 years old may not be used to impeach a witness unless the impeaching party provides sufficient notice to the other side and "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Finally, it should be noted that, to the extent defendant is allowed to engage in Rule 609 impeachment, he may not inquire of the witness concerning the facts underlying the conviction.  *See United States v. Zarattini*, 552 F.2d 753, 759 (7th Cir. 1977) (upholding trial court's restrictions on any inquiry into details of conviction).  *See also United States v. Castro*, 788 F.2d 1240, 1246 (7th Cir. 1986) ("The court correctly limited cross-examination to the facts of the conviction rather than allowing counsel to explore the details.  A court should not permit counsel to explore the details of a witness' past conviction"); *United States v. Chaverra-Cardona*, 669 F. Supp. 1445, 1446-47 (N.D. Ill. 1987) ("impeachment under Fed. R. Evid. 609 would not permit inquiry into the details of the underlying offenses").

     B.    <u>Limitations on Rule 608(b) Impeachment</u>

Rule 608(b) provides that specific instances of past conduct may be inquired into on

cross-examination if and only if they concern the witness' character for truthfulness.[1] However, Rule 608(b) does not allow the defendant to cross-examine any witness concerning the witness' prior arrests that did not result in conviction. Courts have not construed Rule 608(b) to permit cross-examination on prior arrests or uncharged acts absent special facts bearing on the witness' character for the specific trait of truthfulness. Thus, in *United States v. Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1566-67 (7th Cir. 1990), the Seventh Circuit held that a witness may not be cross-examined about prior misconduct except where Rule 608(b) would permit inquiry into specific acts related to crimes of falsity involving fraud or deceit -- *e.g.*, perjury, subornation of perjury, false statement, embezzlement or false pretenses. *See also United States v. Chevalier*, 1 F.3d 581, 583 (7th Cir. 1993) (tax fraud defendant properly cross-examined under Rule 608(b) regarding alleged bank fraud). Thus, the defendant should be precluded from pursuing Rule 608(b) impeachment of any government witness based upon the mere fact of a prior arrest and, instead, should be required to demonstrate that defendant's questions relate to specific acts that bear on the witness' *character* for truthfulness.

As a prophylactic measure, the government asks that this Court order the parties, outside the presence of the jury, make a prior offer of proof concerning any alleged prior instances of conduct that the parties intend to use for impeachment under Rule 608(b).

---

[1] Even when Rule 608(b) applies, the past instances of conduct may not be proved by extrinsic evidence. *See* Rule 608(b).

## **CONCLUSION**

For the foregoing reasons, the government's motions in limine should be granted.

                              Respectfully submitted,

                              PATRICK J. FITZGERALD
                              United States Attorney

By:    s/ Matthew M. Getter
           MATTHEW M. GETTER
           STEPHEN CHAHN LEE
           Assistant United States Attorney
           219 S. Dearborn Street
           Room 500
           Chicago, Illinois  60604
           (312) 886-7651/353-4127

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the

**GOVERNMENT'S MOTIONS IN LIMINE**

was served on August 22, 2008, in accordance with Fed. R. Crim.P.49, Fed R. Civ.P.5,LR5.5, and the General Order on Electronic Case filing (ECF), pursuant to the district court's system as to ECF filers.

                        Respectfully submitted,
                        PATRICK J. FITZGERALD
                        United States Attorney

By:   s/ Matthew M. Getter
        MATTHEW M. GETTER
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 886-7651