UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 67 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| MYRON ROBINSON, a/k/a "Boojie" | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, through its attorney PATRICK J. FITZGERALD,

United States Attorney for the Northern District of Illinois, hereby submits the attached set of

proposed jury instructions.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney


By: /s/ Stephen Chahn Lee
MATTHEW M. GETTER
STEPHEN CHAHN LEE
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.**[1]

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee (1999) 1.03

---

[1]     Those portions of the proposed jury instructions presented in bold face are contingent on the evidence presented at trial.

3

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 1.09

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

The indictment charges the defendant with one count of conspiring to (a) willfully transport into and receive in the State of Illinois, where he resided, a firearm purchased or otherwise obtained by him outside the State of Illinois, (b) knowingly make, in connection with the acquisition of a firearm from a licensed dealer, false and fictitious oral and written statements intended to and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm, and (c) knowingly deliver and cause to be delivered to any common or contract carrier for transportation or shipment in interstate commerce to persons other than licensed importers, manufacturers, dealers or collectors, a package or other container in which there was any firearm, without written notice to the carrier that such firearm was being transported or shipped.

The indictment also charges the defendant with one count of receiving in the State of Illinois, where he resided, firearms purchased or otherwise obtained by him outside the State of Illinois, while not being a licensed importer, manufacturer, dealer or collector of firearms.

The defendant has pleaded not guilty to the charges in the indictment.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.01 (modified to reflect charges against defendant)

9

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 2.03

**The defendant has an absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.**

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 3.01

11

You have received evidence of a statement said to be made by the defendant to law enforcement officers. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.02

You have heard evidence that, prior to March 2003, the defendant was convicted of a felony, that is, a crime that was punishable by imprisonment for a term exceeding one year. You may consider this evidence only **in deciding whether the defendant's testimony is truthful in whole, in part, or not at all, and** in deciding the defendant's intent, plan and motive in receiving any firearms as charged. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

Title 18, United States Code, Section 922(g)(1) provides that it is an offense against the United States for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm or ammunition.

720 ILCS 5/24-1.1, provides that it is an offense against the State of Illinois for a person to knowingly possess any firearm if the person has been convicted of a felony under the laws of the State of Illinois or any other jurisdiction.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.05 (modified to reflect intent, plan and motive, and to reflect 18 U.S.C. § 922(g)(1) and 720 ILCS 5/24-1.1)

13

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 3.07

You have heard evidence that before the trial witnesses made statements that may be inconsistent with the witnesses' testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1999) 3.09

**A statement made by the defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness an accuracy of the defendant's testimony in this trial.**

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Committee (1999) 3.10

You have heard evidence that Carlos Orr has been convicted of the crimes of second-degree murder, unlawful possession of a firearm, and causing a false statement to be made to a firearm dealer. You may consider this evidence only in deciding whether Carlos Orr's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee (1999) 3.11 (modified to add witness's name and crimes)

The indictment charges that the offense in the first count was committed "[b]eginning in or about March 2003 through in or about April 2003" and that certain overt acts were committed "on or about" certain dates. The indictment also charges that the offense in the second count was committed "on or about April 4, 2003." The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee (1999) 4.04 (modified to reflect date range)

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee (1999) 4.06

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count One of the indictment existed,

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy, and

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee (1999) 5.08

It is not necessary that all overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1999) 5.08 (modified to include additional language stated in Committee Comment)

The defendant has been charged in the indictment with conspiring with Individuals A, B, C, D, and others to: (a) willfully transport into the State of Illinois, where the defendant resided, firearms purchased or otherwise obtained by the defendant outside the State of Illinois, in violation of Title 18, United States Code, Section 922(a)(3); (b) knowingly make, in connection with the acquisition of a firearm from a licensed dealer, false and fictitious oral and written statements intended to and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of such firearm, in violation of Title 18, United States Code, Section 922(a)(6); and (c) knowingly deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate commerce to persons other than licensed importers, manufacturers, dealers or collectors, a package or other container in which there was any firearm, without written notice to the carrier that such firearm was being transported or shipped, in violation of Title 18, United States Code, Section 922(e).

The indictment therefore charges that the defendant conspired to commit three separate crimes or offenses.  It is not necessary for the government to prove that the defendant conspired to commit all of those offenses.  It is sufficient for the government to prove, beyond a reasonable doubt that the defendant conspired to commit one of the three offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the three offenses the defendant conspired to commit.

GOVERNMENT INSTRUCTION NO. 22

*United States v. Hughes*, 311 F.3d 557, 560-61 (7th Cir. 2002); *Untied States v. Muelbl*, 739 F.2d 1175, 1182-83 (7th Cir. 1984); Pattern Criminal Jury Instruction Eleventh Circuit 13.2 (2003); Model Criminal Jury Instruction Eighth Circuit 5.06F (2003)

Title 18, United States Code, Section 922(a)(3) provides that it is an offense against the United States for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides any firearm purchased or otherwise obtained by such person outside that State.

Title 18, United States Code, Section 922(a)(6) provides that it is an offense against the United States for any person knowingly to make, in connection with the acquisition of a firearm from a licensed dealer, false and fictitious oral and written statements intended to and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of such firearm.

Title 18, United States Code, Section 922(e) provides it is an offense against the United States for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate commerce to persons other than licensed importers, manufacturers, dealers or collectors, a package or other container in which there was any firearm, without written notice to the carrier that such firearm was being transported or shipped.

GOVERNMENT INSTRUCTION NO. 23

18 U.S.C §§ 922(a)(3), 922(a)(6) and 922(e)

A firearm has been transported or shipped in interstate commerce if it has been transported or shipped between one state and any other state, or across a state boundary line.

GOVERNMENT INSTRUCTION NO. 24

Seventh Circuit Committee (1998) 18 U.S.C. § 922(g) (Definition of Commerce) (modified to reflect form of interstate commerce at issue in 18 U.S.C. § 922(e))

The indictment alleges certain specific overt acts that the conspirators are alleged to have committed. The government need not prove that each and every specific alleged overt act was committed by a conspirator. However, the government must prove a conspirator committed at least one of the specific overt acts alleged in the indictment. In order to find that the government has proved a conspirator committed a specific overt act, the jury must unanimously agree on which specific act that conspirator committed.

For example, if some of you find that Individual C purchased three Hi-Point Model CF380 .380 caliber handguns, with serial numbers P776163, P776158, and P773527, from National Jewelry and Loan, in Shreveport, Louisiana, and the rest of you find that Individual A shipped one firearm from Louisiana to the defendant, who was in Maywood, Illinois, through FedEx Express, then there is no unanimous agreement on which overt act has been proved. On the other hand, if all jurors find Individual C purchased three Hi-Point Model CF380 .380 caliber handguns, with serial numbers P776163, P776158, and P773527, from National Jewelry and Loan, in Shreveport, Louisiana, then there is unanimous agreement.

GOVERNMENT INSTRUCTION NO. 25

Seventh Circuit Committee (1999) 4.03 (modified to include example and references to overt acts and conspirators)

Any person who knowingly aids the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

If the defendant knowingly caused the acts of another, the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 26

Seventh Circuit Committee (1999) 5.06

To sustain the charge of illegally receiving a firearm, the government must prove:

First, that the defendant is not a licensed importer, manufacturer, dealer or collector of firearms.

Second, the defendant received in the State of Illinois, where he resided, firearms purchased or otherwise obtained by him outside of the State of Illinois.

GOVERNMENT INSTRUCTION NO .27

18 U.S.C. § 922(a)(3)

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

GOVERNMENT INSTRUCTION NO. 28

*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994); *United States v. Gajo*, No. 98 CR 100 (Gottschall, J.); *United States v. Solis,* No. 97 CR 814 (Manning, J.); *United States v. Richardson,* No. 94 CR 187 (Holderman, J.); *United States v. Griffin, et al.*, No. 91 CR 371 (Zagel, J.); *United States v. Plescia, et al.*, No. 90 CR 463 (Norgle, J.); *United States v. Villagrana, et al.*, No. 90 CR 935 (Shadur, J.) (modified)

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed.  In considering the evidence and arguments that have been given during the trial, speculation concerning the punishment should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 29

*United States v. Demerjian*, No. 98 CR 789 (Zagel, J.); *United States v. Dawson*, No. 92 CR 1084 (Kocoras, J.); *United States v. Trevino*, No. 90 CR 799 (Aspen, J.)

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 30

Seventh Circuit Committee (1999) 7.03

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1999) 7.06

31

Upon retiring to the jury room, you should first select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[Form of verdict read]

Take this form with you to the jury room.  When you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 32

Seventh Circuit Committee (1999) 7.01

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

GOVERNMENT INSTRUCTION NO. 33

Seventh Circuit Committee (1999) 7.05

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA     )
                           )    No. 08 CR 67
      v.                   )
                           )    Judge Elaine E. Bucklo
MYRON ROBINSON, a/k/a "Boojie"    )

## VERDICT

We, the jury, find the defendant, MYRON ROBINSON, as follows as to the following charges of the indictment:

**Count One**:

                                      GUILTY                NOT GUILTY

Conspiracy to
(a)    willfully transport into Illinois firearms purchased or otherwise obtained by the defendant outside the state of Illinois
(b)    knowingly make, in connection with the acquisition of a firearm from a licensed dealer, false and fictitious oral and written statements intended to and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm, and
(c)    knowingly deliver and cause to be delivered to any contract carrier for transportation or shipment in interstate commerce to persons other than licensed importers, manufacturers, dealers or collectors, a package or other container in which there was any firearm, without written notice to the carrier that such firearm was being transported or shipped,

or aiding and abetting such a conspiracy

                                      _____           _____

**Count Two:**

|  | GUILTY | NOT GUILTY |
|---|---|---|

On or about April 4, 2003, receiving in the State of Illinois, where defendant resided, firearms purchased or otherwise obtained by him outside the State of Illinois, while not being a licensed importer, manufacturer, dealer or collector of firearms

_____          _____

_____          _____

     FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____

     Date